**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| Aderson Gonzalez<br>4452 Tolbut Street<br>Philadelphia, PA, 19136<br>    Plaintiff,<br><br>Vs.<br><br>Sofitel Philadelphia<br>120 South 17th Street<br>Philadelphia, PA 19103,<br>    And<br>Accor North America & Platinum<br>4001 International Parkway<br>Carroliton, Texas<br>    And<br>Sylvain Harribey, individually<br>And in his capacity as<br>Executive Chef<br>at Sofitel Philadelphia,<br>    And<br>Nicolas Pesty, individually<br>And in his capacity as<br>General Manger<br>at Sofitel Philadelphia,<br>    And<br>Melissa Kerchner, individually<br>And in her capacity as<br>Human Resources Director<br>at Sofitel Philadelphia,<br>    Defendants | 08CV4865 |

## COMPLAINT

The plaintiff, Aderson Gonzalez, by and through his attorney, Marshall L. Williams, Esquire, respectfully files this complaint and each count against all defendants, Sofitel Philadelphia, Accor North America & Platinum, Sylvain

Harribey, individually and in his capacity as Executive Chef at Sofitel Philadelphia, Nicolas Pesty, individually and in his capacity as general manger at Sofitel Philadelphia and Melissa Kerchner, individually and in her capacity as Director of Human Resources at Sofitel Philadelphia.

## JURISDICTION

The acts and omissions complained of herein occurred in Philadelphia County, Pennsylvania. Jurisdiction is based upon 28 U.S.C.§§1331 and 1343. This Court has subject matter jurisdiction over the national origin, disability and retaliation discrimination claims by virtue of Section 706 of Title VII of the Civil Rights Act of 1964 as amended, 42 USC §2000e-5; Section 1981 of the Civil Rights Act of 1866 and Americans With Disabilities Act, 42 USC § 12117 pursuant to 28 U.S.C. §1331 and 42 U.S.C. §2000E-5(f)(3), all of which provide for original jurisdiction of plaintiff's claims arising under the laws of the United States and over actions to recover damages and to secure equitable and other relief. Plaintiff invokes the supplemental jurisdiction of this Court based upon 28 U.S.C. §1367(a) to adjudicate state claims as follows:

## PARTIES

1. Aderson Gonzalez, an Puerto Rico American male [hereafter called Plaintiff], at all times relevant, has been a resident of Philadelphia, PA 19136.

2. Plaintiff maintained an employment relationship with defendants

Sofitel Philadelphia and Accor North America & Platinum at Sofitel Philadelphia as a shipper and receiver until September 17, 2008 when he was terminated by the said Defendants from his position with notice thereof from Accor and Sofitel.

3. Sofitel Philadelphia and Accor North America & Platinum, [hereafter called Defendants Sofitel and Accor] operates as a for profit corporation that provides hotel and resorts products and services at 120 South 17th Street, Philadelphia, PA 19103 where plaintiff was employed as aforedescribed. Accor North America & Platinum is located at 4001 International Parkway, Carrolton, Texas 75007. The said Defendants employed more than 100 employees at all times relevant.

4. Sylvain Harribey, a white male [hereafter called Defendant Harribey] at all times, relevant was employed by defendant Sofitel Philadelphia and Accor North America & Platinum as Executive Chef at Sofitel Philadelphia with overall responsibility for directing its food services services at 120 South 17th Street, Philadelphia, PA 19103.

5. Nicolas Pesty, a white male [hereafter called Defendant Pesty] at all times, relevant was employed as general manger at Sofitel Philadelphia with overall responsibility for directing its day to day operations services at 120 South 17th Street, Philadelphia, PA 19103. Mr. Pesty was also plaintiff's immediate supervisor at all times relevant.

6. Sofitel Philadelphia's Melissa Kerchner male [hereafter called

Defendant Kerchner] at all times relevant was employed as , Director of Human Resources at Sofitel Philadelphia with overall responsibility for implementing its human relation policies and procedures at 120 South 17th Street, Philadelphia, PA 19103.

## GENERAL ALLEGATIONS

7. Plaintiff began his employment with defendants Sofitel and Accor on January 12, 2006 as a shipper and receiver.

8. On January 12, 2006, plaintiff can under the immediate supervision of Defendant Nicolas Pesty, white male.

9. From January 12, 2006 to September 17, 2008, Defendant Mr. Pesty, plaintiff's supervisor, white male, engaged in several acts and omissions of national origin, disability and retaliation discrimination against Plaintiff by subjecting plaintiff to differential terms and conditions of employment.

10. Plaintiff national origin is the Commonwealth of Puerto Rico.

11. Plaintiff's disability is schizophrenia.

12. Plaintiff engaged in statutorily protected activities when he filed dual a complaint, on June 15, 2007 and an amended complaint on July 25, 2007 about improper performance evaluations, humiliation, unwarranted disciplinary actions that he believed to be discriminatory.

13. These differential terms and conditions of employment included harassment not experienced by white employees similarly situated; excessive criticism not otherwise accorded to whites; unfounded complaints made

defendant Harribey concerning plaintiff's work; threats of discipline not accorded whites and the request that the plaintiff report to work in violation of defendant's policies, practices and procedures or suffer discharge.

14.  He obeyed the policies, procedures and practices of Defendants Sofitel and Accor during course of his employment with said defendants.

15.  Said Defendants breached its obligations to plaintiff under those its policies, procedures and practices through the application or lack thereof to plaintiff.

16.  Plaintiff has received awards and customer compliments for his job performance.

17.  Since January 12, 2006, Plaintiff satisfactory performed all of the critical duties of his position as shipper and receiver.

18.  On September 16, 2008, plaintiff left work to attend an appointment with his medical provider for treatment of his disability.

19.  Plaintiff's medical provider informed defendants Harribey and Petsy that plaintiff had delusional thoughts that he wanted to harm the said defendants.

20.  Plaintiff's medical provider also informed said defendants that plaintiff had voluntarily check himself into the hospital for treatment.

21.  Said defendants contacted defendant Sofitel Philadelphia's Melissa Kerchner, Director of Human Resources who instructed them to file complaints with the Philadelphia Police Department.

22. On September 17, 2008, Defendants Harribey and Pesty each filed complaints against plaintiff with the Philadelphia Police Department.

23. Plaintiff was notified by letters dated September 17, 2006 from defendant Accor's Rebecca R. Anderson, Senior Corporate Counsel and defendant Sofitel Philadelphia's Melissa Kerchner, Director of Human Resources that he was terminated from employment and banned from returning to the Sofitel Hotel in any capacity.

24. Thourgh the undersigned, on or about September 23, 2008, Plaintiff sought reinstatement to his position but he was denied reinstatement.

25. The undersigned also requested a reasonable accommodation and this too was denied.

26. Upon information and belief, plaintiff was terminated from his position as a receiver and shipper solely due to his disability of schizophrenia.

27. His disability did not and it will not prevent him from performing the essential functions of the job as a receiver and shipper at Sofitel Philadelphia.

28. Others employees of defendants Sofitel and Accor engaged in similar activities as plaintiff, all white males, were disciplined less severely than plaintiff.

29. The nonlegitimate reasons given by defendants for terminating plaintiff on September 17, 2008 and refusing to re-instate him in any capacity are pretexts to discriminate against plaintiff on the basis of his disability, national origin and because he engaged in statutorily protected activities.

30. The acts and omissions described above constitute adverse employment actions by the said defendants.

31. At all times relevant and to the present, plaintiff was and is embarrassed and humiliated by the treatment he received from his supervisor, general manager and others concerning his performance, discipline and his complaints.

32. Plaintiff, as a result of the aforesaid actions by defendants, experienced problems sleeping, concentrating, eating, reading, thinking, headaches, nausea and interacting with his family, co-workers and others.

33. Plaintiff suffered harm and injuries for which he still receives professional treatment.

34. At all times, relevant, all defendants maliciously engaged in the said acts and omissions within the scope of his employment with the consent and approval of defendants Accor and Sofitel.

35. The said acts and omissions were willful, intentional and with reckless disregard for the disability, rights and sensibilities of the plaintiff.

36. He has not been able to secure comparable or suitable replacement employment since defendant terminated him on September 17, 2008.

37. As a direct and proximate result of the aforesaid discrimination and retaliation, Plaintiff has sustained and will continues to sustain loss of enjoyment of life, emotional distress and mental anxiety.

38. Additional Defendants Accor North America, Sylvain Harribey Nicolas Pesty instituted a proceeding against plaintiff with the Philadelphia Police Department to secure criminal charges against said defendant for the crime of terroristic threats.

39. The complaint was concluded in plaintiff's favor by the Philadelphia Police Department.

40. Defendants initiated this complaint for unreasonable purposes.

41. Plaintiff further believes he was discriminatorily terminated because he opposed practices prohibited by the Title VII of the Civil Rights Act of 1964, §1981 of the Civil Rights Act of 1866, Americans With Disabilities Act, Pennsylvania Human Relations Act and Philadelphia Fair Practices Ordinance.

## COUNT I
## CIVIL RIGHTS ACT OF 1866
## §1981 AND §1981(b) RETALIATION CLAIMS

42. Plaintiff hereby respectfully incorporate the responses in paragraphs 1 through 41 above as though fully set forth below.

43. Implied and/or subsequently expressed within the promise of continued employment were the following conditions:

a.) That Plaintiff would be able to continue his employment absent just cause for termination or resignation;

b.) That the relationship between plaintiff and defendant would be governed by the concept of "good faith and fair dealing", an employee agreement and various policies, procedures and practices concerning performance,